DAVID B. DORNAK, ESQ.
Nevada Bar No. 6274
MARK J. RICCIARDI, ESQ.
Nevada Bar No. 3141
Fisher & Phillips, LLP
300 South Fourth Street,
Suite 1500
Las Vegas, Nevada 89101
Telephone: 702-252-3131
Email: ddornak@fisherphillips.com
mricciardi@fisherphillips.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**RED ROCK RESORTS, INC.; STATION HOLDCO LLC; STATION CASINOS LLC; NP BOULDER LLC d/b/a BOULDER STATION HOTEL & CASINO; NP FIESTA LLC d/b/a FIESTA RANCHO HOTEL & CASINO; FP HOLDINGS, L.P. d/b/a PALMS CASINO RESORT and PALMS PLACE; FIESTA PARENTCO, L.L.C.; NP LAKE MEAD LLC d/b/a FIESTA HENDERSON CASINO HOTEL; NP PALACE LLC d/b/a PALACE STATION HOTEL & CASINO; NP RED ROCK LLC d/b/a RED ROCK CASINO, RESORT & SPA; NP SANTA FE LLC d/b/a SANTA FE STATION HOTEL & CASINO; NP SUNSET LLC d/b/a SUNSET STATION HOTEL & CASINO; NP TEXAS LLC d/b/a TEXAS STATION GAMBLING HALL AND HOTEL; and STATION GVR ACQUISITION, LLC d/b/a GREEN VALLEY RANCH RESORT SPA CASINO,**

**Plaintiffs,**

**vs.**

**NATIONAL LABOR RELATIONS BOARD, a federal administrative agency, JENNIFER ABRUZZO, in her official capacity as the General Counsel of the National Labor Relations Board, LAUREN M. McFERRAN, in her official capacity as the Chairman of the National Labor Relations Board, MARVIN E. KAPLAN, GWYNNE A. WILCOX, and DAVID M. PROUTY, in their official capacities as Board Members of the National Labor Relations Board, CORNELE A. OVERSTREET, in his official capacity as the Regional Director of Region 28 of the National Labor Relations Board, and AMITA TRACY, in her official capacity as**

**CASE NO.**

**PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

**an Administrative Law Judge of the National Labor Relations Board,**

**Defendants.**

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

Plaintiffs Station GVR Acquisition, LLC d/b/a Green Valley Ranch Resort Spa Casino ("Green Valley Ranch"), NP Lake Mead LLC d/b/a Fiesta Henderson Casino Hotel ("Fiesta Henderson"), NP Boulder LLC d/b/a Boulder Station Hotel & Casino ("Boulder Station"), NP Fiesta LLC d/b/a Fiesta Rancho Hotel & Casino ("Fiesta Rancho"), NP Texas LLC d/b/a Texas Station Gambling Hall and Hotel ("Texas Station"), NP Sunset LLC d/b/a Sunset Station Hotel & Casino ("Sunset Station"), NP Palace LLC d/b/a Palace Station Hotel & Casino ("Palace Station"), NP Red Rock LLC d/b/a Red Rock Casino, Resort & Spa ("Red Rock"), NP Santa Fe LLC d/b/a Santa Fe Station Hotel & Casino ("Santa Fe"), Station Casinos LLC ("Station Casinos"), FP Holdings, L.P. d/b/a Palms Casino Resort and Palms Place ("Palms"); Fiesta Parentco, L.L.C. ("Parentco"); Red Rock Resorts, Inc. ("RRR"); and Station Holdco LLC ("Holdco") (collectively, the "Plaintiffs") bring this action for declaratory and injunctive relief, alleging as follows:

## INTRODUCTION

1. The National Labor Relations Board ("NLRB" or "Board") has been and is improperly subjecting Plaintiffs to unlawful administrative proceedings (as reflected in the applicable pending Complaints in two separate proceedings before the NLRB, hereafter referred to as "Citywide I"[1] and "Citywide II"[2]) that violate the Constitution of the United

[1] *Red Rock Resorts, Inc., et al.*, before the NLRB Region 28 (Case Nos. 28-CA-228052, 28-CA-228944, 28-CA-239331, 28-CA-245467, 28-CA-247230, 28-CA-247602, 28-CA-248464, 28-CA-249203, 28-CA-249576, 28-CA-251083, 28-CA-251254, 28-CA-251803, 28-CA-252404, 28-CA-252964, 28-CA-256630, 28-CA-257778, 28-CA-260167, 28-CA-260169, 28-CA-260187, 28-CA-260199, 28-CA-260207, 28-CA-260209, 28-CA-260216, 28-CA-260724, 28-CA-261666, 28-CA-262465, 28-CA-262973, 28-CA-262977, 28-CA-262980, 28-CA-262982, 28-CA-262987, 28-CA-263582, 28-CA-264135, 28-CA-264297, 28-CA-264465, 28-CA-264469, 28-CA-264476, 28-CA-264612, 28-CA-264619, 28-CA-264626, 28-CA-264631, 28-CA-264638, 28-CA-266556, 28-CA-266987, 28-CA-267067, 28-CA-268930, 28-CA-268957, 28-CA-268958, 29-CA-268960, 28-CA-269516, 28-CA-269517, 28-CA-269519, 28-CA-269520, 28-CA-269959, 28-CA-269962, 28-CA-269965, 28-CA-271251, 28-CA-271608, 28-CA-274303, 28-CA-273812, 28-CA-273936, 28-CA-276735, 28-CA-276745, 28-CA-277335, and 28-CA-276527) (Citywide I Second Consolidated Complaint).

States (the "Constitution"), including Article II, the Fifth Amendment, and the Seventh Amendment, thus causing "here-and-now injury" to Plaintiffs that this Court must prevent.

2. The NLRB issued administrative Complaints against Plaintiffs in Citywide I and Citywide II, and the NLRB has begun its unconstitutional hearing before NLRB Administrative Law Judge ("ALJ") Amita Tracy in Citywide I, which is set to resume on October 22, 2024.[3]

3. The proceedings are unconstitutional for a number of reasons that independently and collectively require this Court to enjoin them from going forward.

4. As set forth in greater detail below, as an independent reason for declaratory and injunctive relief, both the NLRB ALJs and the NLRB Board Members are unconstitutionally insulated from the President's Article II power of removal. Under controlling law, the President must have the ability to remove subordinates who assist in performing substantial presidential executive duties. But the President does not have that unfettered power in the case of the NLRB Board Members or the NLRB ALJs. Thus, Article II of the Constitution requires that this Court enjoin the proceedings from going forward.

5. Further, and as yet another independent reason for declaratory and injunctive relief, the NLRB is improperly exercising and seeking to exercise executive authority (*e.g.*,

---

[2] *Red Rock Resorts, Inc., et al.,* before the NLRB Region 28 (Case Nos. 28-CA-276613, 28-CA-279404, 28-CA-279812, 28-CA-279944, 28-CA-279947, 28-CA-279950, 28-CA-280428, 28-CA-280477, 28-CA-281886, 28-CA-281920, 28-CA-282107, 28-CA-282379, 28-CA-282506, 28-CA-283763, 28-CA-283800, 28-CA-283919, 28-CA-284008, 28-CA-284050, 28-CA-285461, 28-CA-285462, 28-CA-285269, 28-CA-285464, 28-CA-286279, 28-CA-286340, 28-CA-286819, 28-CA-287551, 28-CA-289304, 28-CA-289951, 28-CA-289954, 28-CA-290825, 28-CA-290908, 28-CA-291977, 28-CA-293406, 28-CA-295178, 28-CA-295183, 28-CA-295193, 28-CA-295289, 28-CA-295694, 28-CA-295717, 28-CA-296541, 28-CA-296548, 28-CA-296551, 28-CA-297568, 28-CA-298058, 28-CA-298064, 28-CA-298066, 28-CA-300929, 28-CA-302012, 28-CA-304422, 28-CA-304481, 28-CA-306852, 28-CA-307645, 28-CA-307656, 28-CA-307710, 28-CA-309333, 28-CA-309724, 28-CA-310900, 28-CA-311071, 28-CA-311474, 28-CA-312927, 28-CA-313124, 28-CA-314348, 28-CA-314352, 28-CA-316360, 28-CA-318255, 28-CA-318260, 28-CA-318469, and 28-CA-327147 (Citywide II Third Consolidated Complaint).

[3] Citywide II is a third consolidated unfair labor practice proceeding that the NLRB has instituted against Plaintiffs. The NLRB has threatened to combine that complaint with Citywide I but, regardless of whether that happens, Citywide II suffers from the same infirmities as Citywide I and should likewise be enjoined.





FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

employing prosecutorial power), judicial authority (*e.g.*, reviewing ALJ decisions), and legislative authority (*e.g.*, rulemaking, requiring Plaintiffs to create preferential employment lists to hire employees from shuttered casinos), thus, violating constitutional separation of powers and due process protections. Under controlling law, the Fifth Amendment of the Constitution requires that the separation of powers and due process protections be respected. Thus, the Constitution requires that this Court enjoin the proceedings from going forward based on the Fifth Amendment.

6. Still further, and as yet another reason for declaratory and injunctive relief, the proceedings violate the Constitution's Seventh Amendment right to a jury trial. The right to a jury trial exists whenever there is legal action at common law requiring a jury trial or when an agency seeks relief that is punitive in nature. Although the NLRB refuses to enunciate all of the relief it seeks, its General Counsel has advised its Regional Directors to seek relief that is legal and/or punitive in nature, and here, the NLRB has enunciated a broad-brush request for relief and has threatened (and continues to threaten) to pursue relief that is either punitive in nature and/or that carries a common law jury-trial right. The Constitution's Seventh Amendment requires that this Court enjoin the NLRB from pursuing relief that deprives Plaintiffs of their constitutional right to a jury trial.

## JURISDICTION AND VENUE

7. Because this action arises under the Constitution and laws of the United States, this Court has federal-question jurisdiction under 28 U.S.C. § 1331. Further, this Court has authority to grant declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, under the Administrative Procedures Act (APA), 5 U.S.C. §§ 701-706, and under the Court's inherent equitable powers.

8. Venue is proper under 28 U.S.C. § 1391(e)(1)(B). Defendants are officers of an agency of the United States acting in their official capacity, and a substantial part of the events, conduct, and/or omissions giving rise to the underlying action, including the administrative proceedings in Citywide I and Citywide II which are being challenged in this case, have

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

occurred and will continue to occur in Las Vegas, Nevada, where certain Plaintiffs own and operate several casino properties.

**PARTIES**

9. Plaintiffs are the owners and/or operators or affiliates of the owners and/or operators of several hotel and casino properties providing food, lodging, and entertainment in the State of Nevada.

10. Defendant NLRB is an administrative agency of the United States, headquartered in Washington, D.C., and empowered under the National Labor Relations Act ("NLRA"), among other things, to initiate administrative proceedings to prevent alleged unfair labor practices ("ULPs"). The NLRB authorized the subject unconstitutional proceedings in Las Vegas, Nevada.

11. Defendant Jennifer A. Abruzzo is General Counsel of the NLRB; Defendant Lauren M. McFerran is Chairman of the NLRB; Defendants Marvin E. Kaplan, Gwynne A. Wilcox, and David M. Prouty are Members of the NLRB; Defendant Cornele A. Overstreet is the Regional Director of NLRB Region 28, and Defendant Amita Tracy is an Administrative Law Judge of the NLRB assigned to preside over the subject NLRB proceedings. All individuals are sued in their official capacity.

**FACTS**

12. For decades, the Culinary Workers Union Local 226 ("Culinary Workers Union") has unsuccessfully attempted to force employees at Plaintiffs' casino properties to unionize.[4] Even as picketing, demonstrations, threats, personal attacks, secondary boycotts, slanderous media attacks, and coordinated harassment proved to be unavailing, the Culinary Workers Union sought the NLRB's assistance through the filing of literally hundreds of ULPs.

13. On April 12, 2021, the Regional Director for Region 28 of the NLRB issued a Complaint in Citywide I, consolidating numerous pending ULPs against Plaintiffs dating back

---

[4] *See 'What's the endgame?' No resolution projected as decades-long feud between Culinary and Station Casinos continues*, THE NEVADA INDEPENDENT (Sept. 19, 2021) *available at* https://thenevadaindependent.com/article/whatsthe-endgame-no-resolution-projected-as-decades-long-feud-between-culinary-and-station-casinos-continues.





FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

to 2018. Similarly, on March 24, 2022, the Regional Director for Region 28 likewise issued a Complaint in Citywide II, consolidating numerous other pending ULPs against Plaintiffs, dating back to 2021. The Regional Director for Region 28 has since issued amended Complaints in both cases. Both seek broad-brush relief, both envision an administrative hearing (and the hearing in Citywide I has already started), and both have constitutional infirmities that require relief from this Court.

14. This was not the first of the NLRB's unlawful efforts against Plaintiffs; indeed, the NLRB pursued certain of the Plaintiffs in the present case in a previous administrative proceeding, which resulted in an adverse decision by an NLRB ALJ in April 2022, and which subsequently was affirmed by the NLRB on June 17, 2024, *NP Red Rock LLC*, 373 NLRB No. 67 (2024). That decision now is on appeal in the United States Court of Appeals for the District of Columbia. The Red Rock administrative proceeding involved a coordinated attempt to reverse the Culinary Workers Union's 2019 election loss at Red Rock and other allegations involving a number of the same Plaintiffs in the current case, Case No. 24-1221 (L), No. 24-1239 and No. 24-1240. There, as here, constitutional infirmities exist, and relief is being sought in the D.C. Circuit Court of Appeals.

15. The Red Rock proceedings addressed in Paragraph 14 are just part of a pattern of the NLRB unconstitutionally targeting Plaintiffs at the behest of the Culinary Workers Union. On or about November 23, 2020, the NLRB authorized the Regional Director for Region 28 to pursue interim injunctive relief against Red Rock pursuant to 29 U.S.C. § 160(j) ("Section 10(j)"). Board Chair McFerran and Member Kaplan were members of the NLRB at the time and provided such authorization. Then, on June 17, 2024, Board Chair McFerran also acted as a supposedly "neutral" adjudicator, ruling on the merits of the underlying case against Plaintiffs.

16. On August 10, 2021, in Citywide I, the Regional Director for Region 28 issued another order while the parties were preparing for the hearing (as initially set), consolidating even more additional ULPs into the Complaint. The NLRB's resulting Second Consolidated Complaint – the now operative Complaint – contains blunderbuss allegations relating to more

than 100 separate and amended ULP charges and consists of 105 pages and 535 separate factual allegations.

17. Notwithstanding the number and length of the allegations in the 105-page operative Citywide I Second Consolidated Complaint, the NLRB's allegations are speculative, incomplete, vague, confusing, and omit vital facts (either intentionally or because no provable facts exist). The proceedings are not designed to achieve a just and efficient resolution of the ULP charges, but rather, they are designed to create a process so unwieldy and all-encompassing that Plaintiffs' right to defend themselves is virtually impossible and Plaintiffs are, thus, deprived of their constitutional right to a fair and impartial proceeding (and Plaintiffs' employees are denied their right to choose whether to be represented by a union or not).

18. After the NLRB's initiation of both the original and operative Complaints against Plaintiffs in Citywide I, the Plaintiffs were afforded virtually no discovery pursuant to current NLRB procedures/rules, again impinging on Plaintiffs' constitutional and due process rights. Although the Plaintiffs were denied any meaningful discovery, the ALJ allowed the NLRB to pursue an unprecedented number of subpoenas in Citywide I. This consisted of approximately 400 NLRB subpoenas being served on Plaintiffs, not just for numerous witnesses, including all of Plaintiffs' top executives (including Plaintiffs' apex executives) but also numerous lengthy, burdensome, and extreme subpoena *duces tecums* (including 13 virtually identical subpoenas with over 300 requests and more than 1,000 sub-paragraphs to each of the Plaintiffs).

19. Plaintiffs have been subjected to an arduous, burdensome, piece-meal process over the course of three years that has involved reviewing more than 1.5 million pages of documents and producing over 110,000 pages of documents in response to the multitude of subpoenas issued against them.

20. In the meantime, following the first week of the hearing in the Citywide I case, and while the hearing process was still ongoing, the NLRB attorneys issued yet another subpoena to Plaintiffs, seeking a raft of additional files (which had not been previously

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

requested) relating to employees who were re-hired by Plaintiffs in the period from May 1, 2020 through December 31, 2020, *i.e.*, following the COVID shut-downs beginning in March 2020. The NLRB's late issuance of yet another burdensome subpoena prejudicially interferes with Plaintiffs' hearing preparation and can only be characterized as part of an ongoing abuse of process.

21. The Regional Director for Region 28, the General Counsel (through her legal counsel), the Culinary Workers Union, and the ALJ are engaged in a concerted scheme designed to effectively deprive Plaintiffs of their constitutional rights (and to deprive Plaintiffs' employees of the right to choose whether to be represented by a union or not), and this has been and will continue to be the harmful and irremediable effect if the NLRB's unconstitutional proceedings are not enjoined.

**COUNT I – UNCONSTITUTIONAL ARTICLE II VIOLATION REGARDING THE NLRB'S ALJ**

22. Plaintiffs restate and incorporate by reference each and every allegation of the preceding paragraphs, as if fully set forth here.

23. An NLRB ALJ is not a mere employee but rather is an "officer" under the Constitution's Appointments Clause, because among other things, the ALJ holds a continuing office, presides over adversarial hearings, receives testimony, shapes the administrative record, and prepares proposed findings and opinions. As such, the Constitution requires that the President be able to exercise authority over the ALJ's functions. But, here, the NLRB may remove the ALJ only if there is "good cause established and determined, . . . on the record after opportunity for hearing before" the Merit Systems Protection Board ("MSPB"). 5 U.S.C. § 7521(a). In turn, by statute, MSPB Members can be removed only for "inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. § 1202(d).

24. These statutory provisions establish at least two unconstitutional layers of removal protection, both independently and collectively violating Article II of the Constitution. Being subject to this unconstitutional agency authority – including proceedings before unconstitutionally insulated NLRB ALJs (not to mention the oversight and action by an unconstitutionally insulated Board addressed in Count II) – qualifies as a "here-and-now

injury," independently entitling Plaintiffs to declaratory and injunctive relief sufficient to ensure enforcement only by a constitutional agency accountable to the President.

**COUNT II – UNCONSTITUTIONAL ARTICLE II VIOLATION REGARDING THE NLRB'S BOARD MEMBERS**

25. Plaintiffs restate and incorporate by reference each and every allegation of the preceding paragraphs, as if fully set forth here.

26. Likewise, there are unconstitutional limitations on the removal of the NLRB's Board Members. Under the Constitution, the President must have the absolute right to exercise full authority over them, including the unrestricted right to remove them. The President does not, however, have that unrestrained power in the present circumstances. Rather, the President is statutorily-restricted from removal of the NLRB Board Members and is permitted to do so only "upon notice and hearing, for neglect of duty or malfeasance in office, but for no other cause." 29 U.S.C. § 153(a).

27. The inability to remove NLRB Members for other than the strict standards of malfeasance or neglect of duty violates Article II of the Constitution. Being subject to this unconstitutional agency authority – including proceedings overseen and ruled upon by an unconstitutionally insulated Board – qualifies as a "here-and-now injury," independently entitling Plaintiffs to declaratory and injunctive relief sufficient to ensure enforcement only by a constitutional agency accountable to the President.

**COUNT III – UNCONSTITUTIONAL FIFTH AMENDMENT VIOLATIONS OF SEPARATION OF POWERS AND DUE PROCESS**

28. Plaintiffs restate and incorporate by reference each and every allegation of the preceding paragraphs, as if fully set forth here.

29. Under the NLRA and the above unconstitutional structure, the NLRB Members are allowed to exercise substantial and sometimes simultaneous executive, judicial, and legislative authority.

30. The NLRB Members and the NLRB administer and enforce the provisions of the NLRA. In doing so, they unconstitutionally exercise powers that are not separated constitutionally as they must be. For example, under Section 10(j) of the NLRA, 29 U.S.C.

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

§ 160(j), the Board has authority to exercise quintessentially prosecutorial power in federal district courts. 29 U.S.C. § 160(b) and (j). Under the NLRB's procedures, NLRB Board Members approve the determination whether to petition for injunctive relief under Section 10(j). The current approval process establishes that NLRB Members are responsible for evaluation and approval (or not) of a request from a NLRB Regional Director to seek relief under Section 10(j), including presentation of the merits, relevant facts, legal arguments, and controlling authorities. NLRB Members then grant their approval or rejection to Regional Directors to seek Section 10(j) relief, and are clearly independently exercising prosecutorial authority.

31. On December 8, 2023, the NLRB Regional Director for Region 28 notified counsel for Plaintiffs that he was contemplating seeking Section 10(j) relief regarding multiple ULP allegations which an NLRB attorney subsequently indicated on June 27, 2024, that the Regional Director intended to consolidate in the Citywide II Complaint. The NLRB Regional Director for Region 28 then added those ULP allegations as part of a Third Consolidated Complaint filed on September 16, 2024. This further demonstrates that the potential for harm to Plaintiffs is real. It matters not whether Board Members decide to allow or disallow such injunctive relief, as they still are exercising a prosecutorial/executive function, and their ability to do so while also engaging in, for example, adjudicatory functions (not to mention legislative functions), is the constitutional infirmity.

32. Confirming this point, the exact same NLRB Members are often later called upon to sit in judgment of whether the exact same charged parties, against whom they previously considered and/or authorized seeking injunctive relief, have engaged in the alleged underlying ULPs and must issue findings of fact, orders, and remedies. 29 U.S.C. § 160(c), (e)-(f).

33. The NLRB also enforces and implements the NLRA in additional ways, including by determining appropriate units for the purpose of collective bargaining, directing representation elections, ruling on ULP charge allegations, and seeking enforcement of its ULP orders in federal court. 29 U.S.C. §§ 159, 160. In short, the NLRB wields substantial power

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

and authority of prosecutorial, adjudicative, and legislative natures, violating the Constitution's Fifth Amendment separation of powers clause and due process protections.

34. As the Supreme Court has noted, "an unconstitutional potential for bias exists when the same person serves as both accuser and adjudicator in a case." *Williams v. Pennsylvania*, 579, U.S. 1, 8 (2016). These risks to due process are inherent in NLRB adjudications before at least one NLRB Board Member who previously authorized pursuit of the above-mentioned relief and made decisions relating to the underlying adjudication of the case.

35. In addition to making factual determinations, the NLRB adjudicative process frequently involves the exercise of significant, quasi-legislative authority under which NLRB Members can decide – without any rulemaking procedures – to adopt new and different interpretations of the NLRA's requirements. The NLRB will seek deference both as to its legal interpretations and findings and, regardless of the Supreme Court's recent ruling on *Chevron* deference on administrative interpretation in *Loper Bright Enter. v. Raimondo* 144 S. Ct. 2244, 2263 (2024) (addressing *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 104 S. Ct. 2778 (1984)), neither an appeal nor a trial *de novo* will cure the unconstitutional defect.

36. The lack of separation of powers and the denial of due process independently entitles Plaintiffs to declaratory and injunctive relief sufficient to ensure that Plaintiffs' Constitutional due process rights are protected.

**COUNT IV – UNCONSTITUTIONAL SEVENTH AMENDMENT VIOLATION OF THE RIGHT TO A JURY TRIAL**

37. Plaintiffs restate and incorporate by reference each and every allegation of the preceding paragraphs, as if fully set forth here.

38. Under the Seventh Amendment of the Constitution, "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved[.]" This right applies to all suits not in equity or under admiralty jurisdiction regardless of the form.

39. Despite the fact that the NLRA only authorizes the Board to remedy ULPs through an "order requiring [the] person to cease and desist from such unfair labor practice, and to take … affirmative action including reinstatement of employees with or without back pay," 29 U.S.C. § 160(c), the NLRB and its General Counsel have announced the Board's intention to assert much broader authority to order awards of future monetary and other legal and equitable remedies, including relief that is legal/compensatory and/or punitive in nature.

40. Moreover, non-restitutionary, compensatory damages and money penalties are not equitable in nature and, indeed, money damages are classic legal relief.

41. The NLRB has refused to specify all relief it will seek in these unconstitutional proceedings. But the operative Complaints in both Citywide I and Citywide II broadly and expressly seek "all other relief as may be just and proper to remedy the unfair labor practices alleged" and "other relief as may be appropriate," respectively. Coupled with the NLRB General Counsel's direction to seek broad equitable and legal relief, and the Board's continuing approval of that approach, the risk and harm to Plaintiffs of being denied their constitutional rights to jury trial are real.

42. Even though the NLRB has not specifically identified all the relief it seeks, in addition to work postings and notices that go beyond the typical relief sought in NLRB proceedings, in both Citywide I and Citywide II, the NLRB seeks relief that is legal and/or punitive in nature. Such non-equitable relief includes: (a) to require costly publication of a notice and explanation of rights in "two local publications of broad circulation and local appeal" chosen by the Regional Director, "with publication to occur twice per week for a period of 8 weeks[;]" (b) to reimburse the unions for the expenses they incurred in unsuccessfully organizing Plaintiffs' employees; (c) to restore long-closed operations at Little Tony's restaurant at the Palace Station facility (and presumably require the closure of the existing restaurant in that space); (d) to create a preferential hiring list for employees certain Plaintiffs never employed but rather employees who worked at closed facilities owned and/or operated by separate legal entities; (e) that Santa Fe and Texas Station be required to bargain with the Culinary Workers Union despite never having any representation election and Texas

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

Station being closed; and (f) to receive "all other relief as may be just and proper to remedy the unfair labor practices alleged."

43. The requested relief of publication twice a week for eight weeks in two broad publications chosen by the NLRB Regional Director for Region 28 would involve a noteworthy cost (estimated to be in the tens of thousands) and is further punishing in nature, and is clearly designed to embarrass, harass, and penalize Plaintiffs. Similarly, the relief seeking reimbursement of the union's unsuccessful organizing expenses plainly is a request for untold consequential money damages that are quintessentially legal relief, requiring that Plaintiffs obtain their constitutional right to jury trial. Likewise, the request seeking to impose enormous expenses to resume operations of a long-closed restaurant are legal remedies, punitive measures, or both. Moreover, the Board's unspecified request for "all other relief" demonstrates that the NLRB may, constitute with the General Counsel's direction to the Regions, seek other legal and/or punitive relief, which Plaintiffs will not know until the end of the unconstitutional administrative proceedings, after Plaintiffs have spent countless human hours and dollars attempting to defend themselves against unknown relief that, as demonstrated below, will include legal (and not just equitable) remedies, in violation of Plaintiffs' Seventh Amendment jury trial rights. Plaintiffs do not have to wait to suffer the unconstitutional injury.

44. Indeed, the NLRB has repeatedly made clear that it intends to seek "make-whole relief for employees" that includes "direct or foreseeable pecuniary harms," and it has done so as recently as the end of August 2024 in *Thryv, Inc. v. NLRB*, 102 F.4th 727, 737 (5th Cir. 2024) (characterizing the Board's new "make-whole" remedy as "a novel, consequential-damages-like labor law remedy"). This stated intent to pursue legal remedies is a real harm to Plaintiffs and unconstitutionally denies them of their Seventh Amendment Right to a jury trial.

45. Because here the NLRB seeks a monetary remedy and other relief designed to punish or deter Plaintiffs, as well as apparently seeking other unspecified compensatory relief, such remedies require enforcement in a court of law with a jury trial and not in an *ad hoc* administrative tribunal.

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

46. The lack of a right to a jury trial, which cannot be provided in the administrative proceedings, violates the Seventh Amendment and independently entitles Plaintiffs to declaratory and injunctive relief sufficient to ensure that Plaintiffs' constitutional jury-trial rights are protected.

**DECLARATORY AND INJUNCTIVE RELIEF STANDARDS MET**

47. Plaintiffs restate and incorporate by reference each and every allegation of the preceding paragraphs, as if fully set forth here.

48. Plaintiffs have a strong likelihood of success on each and every claim, independently and collectively.

49. Being subjected to unconstitutional proceedings by illegitimate actors (*i.e.*, the ALJ and the NLRB Board Members) who seek to impose unconstitutional relief, being subjected to a denial of due processes due to the failure to respect the separation of powers, and being denied a right to a jury trial – independently establishes and further collectively establishes not only a "here-and-now injury," but also irreparable harm that cannot be cured following the proceedings.

50. The harm to Plaintiffs, in the event declaratory and injunctive relief is not granted, is immeasurable and far outweighs any harm, or mere inconvenience, to the NLRB if such relief is granted. Indeed, there is no harm to Defendants where the Constitution is respected.

51. The grant of injunctive and declaratory relief will serve the public's undeniable interest of preserving and protecting Constitutional rights afforded not just to Plaintiffs but to all citizens.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request that the Court order the following relief and enter a judgment:

1. Declaring that:

a. The statutes, regulatory provisions, guidance and/or policies restricting the removal of NLRB ALJs by the President, including 5 U.S.C.

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101

§ 7521(a), are unconstitutional;

b. The statutes, regulatory provisions, guidance, and/or policies restricting the removal of NLRB Members by the President, including 29 U.S.C. § 153(a), are unconstitutional;

c. The statutes, regulatory provisions, guidance, and/or policies regarding Defendants' conduct, coupled with the actual exercise of such of executive, judicial, and legislative powers, are unconstitutional; and

d. The NLRB proceedings against the Plaintiffs deprive them of their constitutional rights to trial by jury.

2. Preliminarily and then permanently enjoining Defendants from pursuing Citywide I and Citywide II and further from subjecting Plaintiffs to unconstitutionally structured administrative proceedings pending the final resolution of this action;

3. Permanently enjoining Defendants from implementing or carrying out the unconstitutional removal-protection provisions identified above;

4. Permanently enjoining Citywide I and Citywide II;

5. Awarding the Plaintiffs their costs and expenses incurred in bringing this action, including, but not limited to, reasonable attorneys' fees; and

6. Awarding such other and further relief, whether at law or in equity, as the Court deems just and proper.

Dated this 22nd day of October, 2024.

FISHER & PHILLIPS LLP

*/s/ David B. Dornak*

David B. Dornak, Esq.
Mark J. Ricciardi, Esq.
Fisher & Phillips, LLP
300 S Fourth Street, Suite 1500
Las Vegas, NV 89101
Attorneys for Plaintiffs

FISHER & PHILLIPS LLP
300 S. Fourth Street, Suite 1500
Las Vegas, Nevada 89101