**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RED ROCK RESORTS, INC., et al.,<br>Plaintiffs,<br>v.<br>NATIONAL LABOR RELATIONS BOARD, et al.;<br>Defendants,<br>LOCAL JOINT EXECUTIVE BOARD OF LAS VEGAS,<br>Intervenor. | Case No. 2:24-cv-01966-ART-BNW<br><br>**ORDER GRANTING MOTIONS TO DISMISS (ECF Nos. 60, 65)** |

Plaintiffs Red Rock Resorts and associated hotels and casinos ("Plaintiffs") seek declaratory and injunctive relief against allegedly unconstitutional National Labor Relations Board ("NLRB") administrative proceedings. Before the Court are two motions to dismiss filed by the NLRB and associated General Counsel, presiding Administrative Law Judge, and Board Members ("Defendants") (ECF No. 65) and the Local Joint Executive Board of Las Vegas ("Intervenor-Defendant") (ECF No. 60). The Court will grant both Defendants' and Intervenor-Defendant's respective motions to dismiss.

## I. FACTS AND PROCEDURAL HISTORY

In October 2024, Plaintiffs brought this case against Defendants. Plaintiffs raise three pending claims against Defendants. (ECF No. 1). First, that the statutory removal provisions pertaining to NLRB Administrative Law Judges are a violation of Article II of the Constitution ("Count I"). Second, that the statutory removal provisions regarding NLRB Board Members are a violation of Article II of the Constitution ("Count II"). Third, that the structure of the NLRB authorizes the

exercise of powers in violation of the separation of powers doctrine and due process protections under the Fifth Amendment ("Count III"). The Court dismissed Plaintiffs' Seventh Amendment claim ("Count IV") for a lack of subject matter jurisdiction. (ECF No. 55). Plaintiffs seek declaratory and injunctive relief.

Plaintiffs moved for a preliminary injunction in November 2024, which this Court denied. (ECF No. 55). Defendants appealed this denial to the United States Court of Appeals for the Ninth Circuit. (ECF No. 57). All proceedings before this Court were stayed pending the resolution of the appeal. (ECF No. 62). Plaintiffs' appeal of the preliminary injunction was stayed pending the Ninth Circuit's decision in a related case, *Amazon.com Servs., LLC v. Nat'l Lab. Rels. Bd.*, No. 25-886 (9th Cir. 2025). The Ninth Circuit subsequently affirmed the parties' joint motion for summary disposition and this Court subsequently lifted its stay of proceedings. (ECF No. 66).

Before the Court are Intervenor-Defendant's motion to dismiss (ECF No. 60) and Defendants' motion to dismiss, or motion for summary judgment in the alternative (ECF No. 65). Plaintiffs filed responses to Intervenor-Defendant's motion (ECF No. 78) and Defendants' motion (ECF No. 77). Defendants (ECF No. 85) and Intervenor-Defendant (ECF No. 86) replied in support of their respective motions to dismiss. The Court will address the arguments raised in both motions to dismiss jointly.

## II. LEGAL STANDARD

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pleaded complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require "detailed factual allegations," it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Twombly*, 550 U.S. at 555).

To sufficiently allege a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). In reviewing a motion to dismiss, the court accepts the factual allegations in the complaint as true. *Id.* However, "bare assertions" in a complaint amounting "to nothing more than a 'formulaic recitation of the elements'" of a claim are not entitled to an assumption of truth. *Id.* at 680–81 (quoting *Twombly*, 550 U.S. at 555). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

A court may also dismiss a case for "lack of subject matter jurisdiction." FED. R. CIV. P. 12(b)(1). Federal courts are courts of limited jurisdiction, constrained by constitutional and statutory authority to exercise the court's judicial power. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The "party asserting jurisdiction bears the burden of establishing subject matter jurisdiction" when faced with as 12(b)(1) motion to dismiss. *In re Dynamic Random Access Memory Antitrust Litig.*, 546 F.3d 981, 984 (9th Cir. 2008). A court will apply the presumption that subject matter jurisdiction does not exist until affirmative evidence establishes otherwise. *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989).

## III. DISCUSSION

### A. Counts I & II are dismissed under Rule 12(b)(6).

The Court dismisses Plaintiffs' Counts I and II for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). FED. R. CIV. P. 12(b)(6). Both counts allege harms stemming from statutory removal protections related to either Administrative Law Judges or NLRB Board Members in violation of Article II (ECF No. 1), which are resolved under the same legal framework.

Thus, the Court will consider both counts together in reaching its conclusion.

Plaintiffs have failed to plead sufficient harm resulting from the NLRB statutory removal provisions. The Supreme Court provided the parameters for this analysis in *Collins v. Yellen*, in which plaintiffs brought a constitutional challenge against the for-cause statutory removal protections for a single director-led federal agency. 594 U.S. 220 (2021). The *Collins* court held that plaintiffs bringing such challenges must demonstrate how the statute would "cause harm" to warrant relief and the case was remanded to determine if the removal provision "inflict[ed] compensable harm." *Id.* at 259–60. Even if unconstitutional removal provisions are in place, this fact alone does not void the actions taken by validly appointed executive officials. *Id.* at 257–58. An unconstitutional removal provision may cause actual harm to a party if "the President had attempted to remove a Director but was prevented from doing so by a lower court decision holding that he did not have 'cause'" or when "the President had made a public statement expressing displeasure with actions taken by a Director and had asserted that he would remove the Director if the statute did not stand in the way." *Id.* The *Collins* causal harm framework will guide this Court's analysis of Counts I and II at the motion to dismiss stage.

The Ninth Circuit applied the *Collins* causal harm framework in the context of the NLRB in *North Mountain Foothills Apartments*, where the statutory removal provisions for NLRB Administrative Law Judges were challenged as unconstitutional. *Nat'l Lab. Rels. Bd. v. N. Mountain Foothills Apartments*, 157 F.4th 1089 (9th Cir. 2025). Even when assuming that the removal provisions were constitutionally invalid, the court found that plaintiffs still failed to meet their showing of causal harm. *Id.* at 1098. The court rejected plaintiffs' plain recitations of harm from the existence of unconstitutional removal provisions, finding that a higher showing is required to avoid judicial adjudication of "abstract disputes." *Id.* Instead, "a party must demonstrate that the challenged

action or decision was taken by an officer the President sought to but could not remove, or that the removal provision otherwise affected or influenced the challenged action or decision." *Id.*, *see also Kaufmann v. Kijakazi*, 32 F.4th 843, 849 (9th Cir. 2022).

Plaintiffs' claims are foreclosed by their insufficient allegation of causal harm. Like the challenges to the removal protections of the NLRB Administrative Law Judges in *North Mountain Foothills Apartments*, Plaintiffs raise two Art. II claims (Counts I and II) on the basis of NLRB removal provisions. In neither claim have Plaintiffs alleged the President's inability to remove an executive officer, nor how the removal provisions impacted the administrative proceedings. *See N. Mountain Foothills Apartments*, 157 F.4th at 1098. Under the *Collins* framework adopted by the Ninth Circuit in *North Mountain Foothills Apartments*, Plaintiffs' claims fail at the motion to dismiss stage.

First, Plaintiffs point to President Trump's stymied removal of NLRB Board Member Wilcox as evidence that causal harm exists (ECF No. 77 at 21), because a district court initially enjoined Wilcox's removal on the grounds of an invalid removal without cause. *See Wilcox v. Trump*, 775 F.Supp.3d 215 (D.D.C. 2025). Under this argument, Plaintiffs claim to have a sufficient showing of harm under *Collins* because the President was prevented from removing Wilcox on the basis of the statutory removal provisions. However, the Supreme Court stayed the lower court's order, *Trump v. Wilcox*, 145 S. Ct. 2025, and the United States Court of Appeals for the District of Columbia subsequently found that the statutory removal provisions were unconstitutional, *Harris v. Bessent*, 160 F.4th 1235 (D.C. Cir. 2025). As it stands[1], the President was ultimately able to remove Wilcox from her office. Therefore, Plaintiffs have failed to demonstrate causal harm under *Collins* based on the President's ability to remove executive officers.

---

[1] Wilcox has currently filed a petition for a writ of certiorari before the Supreme Court. *Wilcox v. Trump* (DC Cir. Case No. 25-5057; S.Ct. Case No. 26-5).

Second, Plaintiffs cannot demonstrate a sufficient nexus between the statutory removal provisions and an agency action that is "otherwise affected or influenced." *N. Mountain Foothills Apartments*, 157 F.4th at 1098. Plaintiffs do not allege how the NLRB Administrative Law Judge or Board Member removal protections had any impact, let alone adverse, on the ongoing underlying administrative proceedings for unfair labor practices (NLRB Case No. 28-CA-228052 and NLRB Case No. 28-CA-276613). Because Plaintiffs must demonstrate causal injuries for "compensable harm" under *Collins*, they have failed to meet their burden of stating a claim upon which relief may be granted. Third, Plaintiffs have not pled any presidential "public statement expressing displeasure" and intent to remove an executive officer, *see Collins*, 594 U.S. at 257–58, to support a showing of causal harm.

The Court finds that the causal harm framework adopted in *Collins* and *North Mountain Foothills Apartments* applies to cases in which plaintiffs seek both prospective and retroactive relief. Plaintiffs contend that *Collins*' holding is limited to a showing of harm required for "retrospective relief," and not the prospective injunctive and declaratory relief Plaintiffs are seeking amidst ongoing administrative proceedings. (ECF 77 at 16–19). Plaintiffs are correct that *Collins* does not squarely address the harm requirement in the context of prospective relief, because prospective relief was no longer available in *Collins* when it was decided based on changes to the underlying stock agreements at issue. *Collins*, 594 U.S. at 244. This distinction is without merit.

The Court joins the majority of circuit courts that have addressed this issue in finding that the *Collins* causal harm framework also applies to demands for prospective relief. *See Leachco, Inc. v. Consumer Prod. Safety Comm'n*, 103 F.4th 748, 757 (10th Cir. 2024) ("…*Collins*' relief analysis applies to both retrospective and prospective relief."), *Calcutt v. Fed. Deposit Ins. Corp.*, 37 F.4th 293, 316 (6th Cir. 2022) ("[O]ur determination as to whether an unconstitutional removal

protection 'inflicted harm' remains the same whether the petitioner seeks retrospective or prospective relief[.]"), *rev'd on other grounds*, 598 U.S. 623 (2023), *Consumer Fin. Prot. Bureau v. Law Offs. of Crystal Moroney*, 63 F.4th 174, 180–81 (2d Cir. 2023) ("[T]he Supreme Court's reasoning that an officer's actions are valid so long as she was validly appointed applies with equal force regardless of the relief sought by the party challenging the officer's actions.").

Because the *Collins* causal harm requirement applies to Plaintiffs' demand for prospective relief, the Court rejects Plaintiffs' argument that they have pled a sufficient "here-and-now" injury. Plaintiffs rely on the Supreme Court's ruling in *Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175 (2023), to argue that an alternative standard to the *Collins* causal harm requirement controls. (ECF No. 77 at 8–9, 17). The Supreme Court held in *Axon Enterprise* that litigants suffer from a "here-and-now injury" when "subject[ed] to an illegitimate proceeding, led by an illegitimate decisionmaker." *Id.* at 191. The holding in *Axon Enterprise* is inapplicable here. The *Axon Enterprise* court engaged in a threshold analysis to determine if a district court possessed jurisdiction over claims against federal agencies under an administrative statutory review scheme. *Id.* at 185. *Collins* stands as good law, which controls the merits-based issue at hand—if Plaintiffs have alleged sufficient harm to state a claim upon which relief may be granted.

Plaintiffs have failed to plead a sufficient causal injury stemming from the alleged unconstitutional NLRB removal provisions. Therefore, the Court dismisses Counts I and II under Rule 12(b)(6). FED. R. CIV. P. 12(b)(6).

**B. Count III is dismissed under Rule 12(b)(6).**

The Court dismisses Plaintiffs' Count III for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). FED. R. CIV. P. 12(b)(6).

Plaintiffs allege that the structure of the NLRB, which authorizes the use of executive, judicial, and legislative authority, violates the separation of powers doctrine and due process under the Fifth Amendment. (ECF No. 1 at 9–11). The

National Labor Relations Act, 29 U.S.C. §§ 151–169, governs the NLRB. Plaintiffs' Count III allegations reference examples as illustrative of the NLRB's unconstitutional structure under the National Labor Relations Act.

First, Plaintiffs point to 29 U.S.C. § 160(j) as authorizing the NLRB to exercise "quintessentially prosecutorial power in federal district courts." (ECF No. 1 at 9–10). Section 160(j) authorizes NLRB Board Members to petition federal district courts for injunctive relief after a complaint against unfair labor practices is filed. 29 U.S.C. § 160(j). Plaintiffs argue that this structure is further problematic because the same Board Members "are often later called upon to sit in judgement" of the same parties against whom injunctive relief was contemplated under 29 U.S.C. § 160(c), (e)-(f). (ECF No. 1 at 10).

Additionally, Plaintiffs argue that 29 U.S.C. §§ 159, 160 demonstrate that the NLRB "wields substantial power and authority of prosecutorial, adjudicative, and legislative natures." (ECF No. 1 at 10–11). Plaintiffs look to the NLRB's power in "determining appropriate units for the purpose of collective bargaining, directing representation elections, ruling on ULP charge allegations, and seeking enforcement of its ULP orders" as evidence of this claim. *Id.* at 10. Plaintiffs' complaint does not rely upon any other statutory provisions in support of their Count III arguments.

The Court notes that Defendants and Defendant-Intervenor both assert that Count III should be dismissed under Rule 12(b)(1) for a lack of subject matter jurisdiction. (ECF No. 85 at 2; ECF No. 86 at 20). While Plaintiffs fail to raise any arguments in support of the Court's jurisdiction (*see* ECF Nos. 77, 78), there is a colorable argument that this Court possesses jurisdiction over Count III. The Court will not further address the jurisdictional argument, however, because Count III still fails on the merits, even assuming jurisdiction exists. *See Doria v. Yelp Inc.*, 2024 WL 1740015 at *4 (D. Ariz. Apr. 23, 2024) ("[D]ue to this dismissal under Rule 12(b)(6), the Court will not analyze potential dismissal under Rule

12(b)(1).”).

Count III must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs’ claim is foreclosed by binding precedent. In *N. Mountain Foothills Apartments*, the Ninth Circuit evaluated a claim that the “combined investigatory and adjudicatory functions of the NLRB are inconsistent with separation of power principles” in violation of due process. 157 F. 4th at 1100. It held that this claim “fails on the merits” under a two-part test. *Id.* The court looked to “whether a single individual is tasked with performing both investigatory and adjudicatory functions and ‘whether the average judge in the adjudicator's position is likely to be neutral, or whether there is an unconstitutional potential for bias.’” *Id.* It also evaluated whether the challenging party has “‘overcome a presumption of honesty and integrity in those serving as adjudicators.’” *Id.* The Ninth Circuit found that no such evidence as to bias, personal or pecuniary interest, or impartiality was presented and that the claim thus failed on the merits. *Id.* at 1100–01.

Plaintiffs have failed to satisfy the two-part test set forth in *N. Mountain Foothills Apartments* with respect to Count III. As addressed above, Plaintiffs bring generalized combined-functions claims, in addition to claims against Board Members’ authorization of injunctive relief. (*See* ECF No. 1 at 9–11). Even if Plaintiffs specifically identified Board Members as performing investigatory and adjudicative roles through authorizing injunctive relief, they have failed to allege facts relating to the Members’ lack of neutrality or impermissible bias. Nor have Plaintiffs alleged any facts that rebut the existing presumption of “honesty and integrity.” *See N. Mountain Foothills Apartments*, 157 F. 4th at 1100–01. The Court thus finds that Count III is dismissed on its merits.

## IV. CONCLUSION

It is therefore ordered that Defendants’ and Intervenor-Defendant’s motions to dismiss are GRANTED. Plaintiffs’ action is dismissed without

prejudice and with leave to amend.

DATED THIS 23rd day of September.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE